**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4710**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

VALERIE MARIE DAVIS,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert J. Conrad, Jr., District Judge. (3:17-cr-00142-RJC-DSC-1)

Submitted: June 27, 2019          Decided: July 18, 2019

Before MOTZ, DIAZ, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Anthony Martinez, Federal Public Defender, Ann L. Hester, Assistant Federal Public Defender, FEDERAL DEFENDERS OF WESTERN NORTH CAROLINA, INC., Charlotte, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Valerie Marie Davis appeals her sentence after pleading guilty to wire fraud in violation of 18 U.S.C. § 1343 (2012). In the district court, Davis asked that her sentence be imposed to run concurrently with her undischarged state sentence pursuant to U.S. Sentencing Guidelines Manual § 5G1.3(b) (2016). The district court imposed a prison sentence at the high end of her Guidelines range of 46 months, and it ordered that 24 months of that sentence would run consecutively to her state sentence. On appeal, Davis contends the district court procedurally erred and abused its discretion when imposing her sentence to run consecutively to her state sentence by 24 months. We affirm.

"As a general matter, in reviewing any sentence whether inside, just outside, or significantly outside the Guidelines range, we review for an abuse of discretion." *United States v. Bolton*, 858 F.3d 905, 911 (4th Cir. 2017) (internal quotation marks and citations omitted). We first ensure that the district court committed no significant procedural error "such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007). If the sentence is procedurally reasonable, we consider its substantive reasonableness, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." *Id.* If the sentence is outside the Guidelines range, we "may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a)

factors, on a whole, justify the extent of the variance." *Id*. "[A] major departure should be supported by a more significant justification than a minor one." *Id.* at 50.

"We review a variant sentence to determine the reasonableness of imposing such sentence and the extent of the variance from the Guidelines range." *Bolton*, 858 F.3d at 915 (citation omitted). "We will vacate such sentence if its stated reasoning is inadequate or if it relies on improper factors" but "must defer to the district court and affirm a reasonable sentence, even if we would have imposed something different." *Id.* (citations omitted). "'[A] district court's explanation of its sentence need not be lengthy, but the court must offer *some* individualized assessment justifying the sentence imposed and rejection of arguments for a higher or lower sentence based on § 3553.'" *United States v. Lymas*, 781 F.3d 106, 113 (4th Cir. 2015) (citation omitted). The court's explanation must also be sufficient for us "to engage in 'meaningful appellate review.'" *United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019) (quoting *Gall*, 552 U.S. at 50).

"[A] district court must address or consider all non-frivolous reasons presented for imposing a different sentence and explain why [it] has rejected those arguments." *Id.* at 744 (citations omitted). "By drawing arguments from § 3553 for a sentence different than the one ultimately imposed, an aggrieved party sufficiently alerts the district court of its responsibility to render an individualized explanation addressing those arguments, and thus preserves its claim." *United States v. Lynn*, 592 F.3d 572, 578 (4th Cir. 2010). "Of course, lodging one specific claim of procedural sentencing error before the district court, e.g., relying on certain § 3553 factors, does not preserve for appeal a different claim of procedural sentencing error, e.g., relying on different § 3553 factors." *Id.* at 579 n.4.

"[M]erely 'point[ing] out'" facts without "arguments" for a different sentence "based on consideration of the relevant § 3553 factors" does not preserve a claim. *Id.* at 578, 580.

"[I]f a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively." 18 U.S.C. § 3584(a) (2012). "The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a)." 18 U.S.C. § 3584(b) (2012); *United States v. Lynn*, 912 F.3d 212, 217 (4th Cir. 2019). Even when U.S. Sentencing Guidelines Manual § 5G1.3 provides that sentences shall run concurrently, "a district court is not obligated to impose a concurrent sentence" because "the Guidelines are advisory." *Lynn*, 912 F.3d at 217. "Rather, the district court is required to consider the 18 U.S.C. § 3553(a) factors in determining whether to run sentences consecutively or concurrently." *Id.* (citation omitted).

We have reviewed the record and the parties' arguments, and we conclude that the district court did not procedurally err or abuse its discretion by imposing Davis' sentence to run consecutively to her state sentence by 24 months. On appeal, Davis contends the court's decision was based in part on an erroneous understanding that her "state sentence only accounted for her conduct in fleeing and eluding arrest and did not account for her history of fraud convictions." However, we conclude the court correctly understood her state sentence did not account for her fraudulent conduct in the instant offense. Davis further contends that the court failed to address her arguments in mitigation. However,

4

we conclude that the court addressed or considered all non-frivolous reasons presented for a concurrent sentence and adequately explained why it rejected those arguments.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*